UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN MAYCON MARCOS NICOLAS,<br>Petitioner,<br>v.<br>ACTING OR CURRENT WARDEN, FACILITY ADMINISTRATION GEO INC, et al,<br>Respondents. | Case No. 5:26-cv-05836 SSS (ADS)<br><br>ORDER DISMISSING PETITION AS MOOT |

## I. INTRODUCTION

Petitioner Selvin Maycon Marcos Nicolas filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), primarily seeking release from immigration detention. (Dkt. No. 1.) Petitioner also filed an Application for a Preliminary Injunction and Temporary Restraining Order ("TRO Application"). (Dkt. No. 3.) On October 12, 2026, the Court granted the TRO Application and ordered Petitioner's immediate release from immigration custody. (Dkt. No. 11.)

On October 16, 2026, the Court issued an Order to Show Cause for why preliminary relief should not be immediately converted to final judgment on the merits ("OSC"). (Dkt. No. 12.) To date, Petitioner has not responded to the OSC or provided any argument for why the Petition is not moot. Petitioner has also not requested any further relief.

## II. DISCUSSION

Petitioner has not sought additional relief or provided an argument for why the Petition is not moot in light of his release. "A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." U.S. v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." Id. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (cleaned up) (citation omitted).

Here, Petitioner has already been released from immigration custody. (Dkt. No. 11.) The Petition primarily seeks release from immigration custody as a remedy, which Petitioner has already received. (Dkt. No. 1 at 16.) To the extent Petitioner may be entitled to additional relief, Petitioner has not responded to the OSC to request any

further relief.[1] Accordingly, Petitioner has received the primary relief he sought and his challenge to his immigration detention is now moot. See Munoz v. Rowland, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released. . . we can no longer provide him the primary relief sought in his habeas corpus petition."); c.f. Tao v. Warden, No. 5:26-CV-02517-SSS-DTB, 2026 WL 2138609, at *1 (C.D. Cal. July 2, 2026) (holding on reconsideration that the petition was not moot after release when the petitioner updated their address after release and contended an entitlement to further relief). The Petition is moot and is dismissed for lack of jurisdiction.

## III. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Petition is dismissed without prejudice as moot; and

(2) Judgment will be entered accordingly.

Dated: November 16, 2026

THE HONORABLE SUNSHINE SUZANNE SYKES
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).